*521 OPINION of the Court, by
Judge fhvsi.r.Y.-
In the consideration of this cause we shall only inquire whether the court below decided correctly in permitting to be used as evidence a power of attorney introduced by Fowler, who was plaintiff in that court ?
The power appears to have been executed in the state of Virginia ; and whether it be considered in relation either to the laws of congress or this country, we are equally clear it should not have been used.
Upon proof being made in the county court of Powhatan, in the state of Virginia,-of the execution of the power, it was admitted to record ; but as the attestation of the clerk of the court is not certified, either by the judge, chief justice, or presiding magistrate, to be in due form, the authentication does not conform to the act of congress of 1790 ; and it is perfectly clear the act of 1804 does not embrace the case.
When the power was given, the act of the legislature of this country of 1798, (2 Litt. 76) concerning the authentication of foreign writings, had not passed; but as that act was taken from the laws of Virginia in force at the separation, it is proper we should inquire whether the authentication conforms to its provisions ?
By that act it is provided, that all policies of insurance, charter parties, powers of attorney, foreign judg- *522 merits, specialties on record, registers of births or mat** as have been, or shall be made, executed, entered into, given, ¡«registered in due form according, to the laws of any state, kingdom, nation, province, island or rH*0,|y» a,)d attested by a notary public, with atestimo-nlid It-om the proper officer of the city, county, corpora-t.ion or borough where such notary public shall reside, ,,r f|ie great seal of the state, kingdom, province, island, ' °‘‘ P-a< i‘ beyond sea, shall be evidence in all the 'courts of record within this commonwealth, as if the same had been proven in said courts.
April 22, 1817.
*⅛ or notice need nut ri cite tionL '.ken ¿í tun eft.
According to the clear and obvious meaning of this act, ti e power of attorney, to have been legitimate evident e, without oilier proof of its execution, should have been attested by a notary public, together with cither a testimonial such as the act requires, or the great seal of the state, &c. as directed by the act.
The power in question, as it does not, however, either conform to the requisitions of this act or that of congress, ought not to have been used as evidence; and for that cause the judgment must be reversed w;ith costs, the cause remanded to the court below and a new trial directed.